IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-19 |
| | ) | (JORDAN/SHIRLEY) |
| QUINCY MCGHEE and | ) | |
| TIFFANY MCGHEE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause came before the undersigned on April 27, 2006, for a pretrial conference and motion hearing on the defendants' Joint Motion To Extend Motion Cut-Off Deadline And To Continue Trial [Doc. 27], filed on April 14, 2006, and Defendant Quincy McGhee's Motion To Continue Trial Date [Doc. 28], filed on April 17, 2006. Assistant United States Attorney Ed Schmutzer was present representing the government. Attorney Philip Lomonaco was present representing Defendant Quincy McGhee and Attorney Paula Voss was present representing Defendant Tiffany McGhee. The defendants were also present.

In their motions, Defendants, Quincy McGhee and Tiffany McGhee, move the Court to continue the trial of this matter set for May 4, 2006 and to further extend the motion cut-off deadline set for April 17, 2006. In support thereof, the defendants contend that (1) all parties are in agreement that, despite due diligence, certain discovery matters cannot be resolved by the April 17 motion deadline and (2) that granting a continuance will permit the parties the opportunity to

1

make a full resolution of the case against the defendants. The Defendants further state that the government has no objection to the extension of the motion deadline or the continuation of the trail date.

At the hearing, Attorney Lomonaco stated that during discovery, the government provided the defendants with a videotape, which appears either to be defective or to contain certain time discrepancies, and that the parties need time to resolve this issue. Lomonaco also indicated that the government had just provided the defendants with a second videotape, which they had not yet reviewed, and that the government was further attempting to locate a possible third videotape. The government confirmed the above and stated that it had no objection to continuing the trial date.

The Court questioned the defendants at the hearing, who confirmed that they had discussed their right to a speedy trial with their attorneys. The defendants stated that they did not object to their attorneys' request that the trial be continued and agreed that they wanted their trial to be continued. Defendant Quincy McGhee furthermore stated that he understood he would remain in detention until the new trial date and Defendant Tiffany McGhee, likewise, indicated that she understood that she must continue to comply with the conditions of her release.

The Court finds the defendants' motions to extend the motion cut-off deadline and to continue the trial [Docs. 27 and 28] to be well taken and finds that the ends of justice served by granting the motions outweigh the best interest of the public and the defendants in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Noting the swiftly approaching May 4, 2006 trial date, the Court finds that the failure to grant a continuance would deprive the parties of adequate opportunity to obtain and review discovery, assess the need to file further pretrial motions, and prepare the case for trial. Furthermore, the Court will need time to consider, hear argument and rule upon any additional

2

Case 3:06-cr-00019-RLJ-CCS   Document 30   Filed 05/02/06   Page 2 of 4   PageID #: 14

pretrial motions filed in this case. 18 U.S.C. § 3161(h)(1)(F), -(J). The Court finds that this process could not be accomplished before the May 4, 2006 trial date or in less than approximately two and one-half (2.5) months. The Court finds that if the continuance were not granted a miscarriage of justice would occur. 18 U.S.C. 3161(h)(8)(B)(i). Accordingly, the Court **GRANTS** the defendants' motions to extend the motion cut-off deadline and to continue trial [**Docs. 27 and 28**].

In light of these findings and its granting of the defendants' motions to continue the trial [Docs. 27 and 28], the Court set a new trial date of **July 10, 2006**. The Court further finds, and the parties agreed, that all the time between the filing of the defendants' motions on April 14 and April 17, 2006, and the new trial date of July 10, 2006, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), (8)(A)-(B). Regarding further scheduling, the government has until **May 5, 2006** to produce additional discovery. Reciprocal discovery is due on or before the pretrial conference date. Additionally, the Court will extend the motion-filing deadline to **May 19, 2006**. Responses are due on or before **June 2, 2006**. The parties are to appear before the undersigned for a pretrial conference on **June 12, 2006, at 9:30 a.m.**

Accordingly, it is **ORDERED:**

(1) Defendants' Joint Motion To Extend Motion Cut-Off Deadline And To Continue Trial [**Doc. 27**] and Defendant Quincy McGhee's Motion to Continue Trial Date [**Doc. 28**] are **GRANTED**;

(2) The trial of this matter is reset to commence on **July 10, 2006, at 9:00 a.m.,** before the Honorable Leon Jordan, United States District Judge;

(3) All time between the filing of Defendants' April 14 and April 17, 2006 motions, and the new trial date of **July 10, 2006**, is fully excludable time under the Speedy Trial Act for the reasons set forth above;

(4) The government has until **May 5, 2006** to produce additional discovery;

(5) Reciprocal discovery is due on or before **June 12, 2006, at 9:30 a.m.**;

(6) A new motion deadline is set for **May 19, 2006**;

(7) Responses are due on **June 2, 2006**; and

(8) A pretrial conference is set for **June 12, 2006, at 9:30 a.m.**, before the undersigned.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

4

Case 3:06-cr-00019-RLJ-CCS   Document 30   Filed 05/02/06   Page 4 of 4   PageID #: 16