IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-19 |
| | ) | (JORDAN/SHIRLEY) |
| QUINCY MCGHEE and | ) | |
| TIFFANY MCGHEE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause came before the undersigned on September 12, 2006, for motion hearing on Defendant Tiffany McGhee's Unopposed Motion To Continue Trial [Doc. 38], filed on August 31, 2006. Assistant United States Attorney Ed Schmutzer was present representing the government. Attorney Philip Lomonaco was present representing Defendant Quincy McGhee and Attorney Michael McGovern was present representing Defendant Tiffany McGhee. Defendant Quincy McGhee was present at the hearing, but Defendant Tiffany McGhee was not.

In her motion, Defendant Tiffany McGhee moves the Court to continue the trial of this matter set for November 13, 2006. In support thereof, counsel for Defendant states that (1) he was recently appointed to this case on July 5, 2006, (2) he has been provided with a large amount of documentary discovery materials, (3) numerous witness interviews will be necessary to prepare an adequate defense, and (4) because of other professional and personal obligations of counsel in

1

September and October, counsel does not believe, despite acting with due diligence, that he can prepare an adequate defense in the approximate two (2) months remaining before trial.

At the September 12 hearing, Attorney McGovern relied upon the reasons set forth in Defendant's motion [Doc. 38] as a basis for requesting a continuance of November 13, 2006 trial. Attorney McGovern also acknowledged the Court's concern regarding Defendant Tiffany McGhee's nonappearance at this hearing and represented to the Court that Ms. McGhee was in fact unaware that a hearing had been scheduled due to the fact that (1) the hearing was scheduled on short notice and (2) he had been unable to successfully contact Ms. McGhee because of a problem with her phone. Nonetheless, Attorney McGovern stated that he had previously spoken to Ms. McGhee when he filed the motion and represented to the Court that she had no objection to the request for a continuance. Attorney McGovern also indicated that he would, if the Court deemed necessary, submit an affidavit setting forth Ms. McGhee's consent to a continuance. The Court indicated to counsel that an affidavit would be required in this case.

The Court next questioned Co-Defendant Quincy McGhee, who stated to the Court that he did not object to the request for a continuance of the trial, agreed that a continuance was in his best interest, and indicated that he wanted the Court to continue the trial of this matter. Defendant Quincy McGhee furthermore stated that he understood he would remain in detention until the new trial date. The government also represented to the Court that it had no objection to the requested continuance.

The Court finds Defendant Tiffany McGhee's Motion To Continue Trial [Doc. 38] to be well taken and finds, as all parties agreed, that the ends of justice served by granting the motions outweigh the best interest of the public and the defendants in a speedy trial. 18 U.S.C. §

2

3161(h)(8)(A). Even though there remains two months before the current November 13, 2006, trial date, the Court finds that the failure to grant a continuance would deprive Defendant Tiffany McGhee of continuity of counsel and would also deprive defense counsel, Attorney McGovern, adequate opportunity to interview witnesses, review discovery, and prepare the case for trial in light of counsel's representation regarding personal and professional scheduling conflicts in September and October, 2006. The Court finds that if the continuance were not granted a miscarriage of justice would occur. 18 U.S.C. 3161(h)(8)(B)(i). Accordingly, the Court **GRANTS** Defendant Tiffany McGhee's Motion To Continue Trial [**Doc. 38**].

In light of these findings and its granting Defendant Tiffany McGhee's Motion To Continue Trial [Doc. 38], the Court set a new trial date of **February 21, 2007**. The Court further finds, and the parties agreed, that all the time between the filing of Defendant's motion on August 31, 2006, and the new trial date of February 21, 2007, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(8)(A)-(B). Finally, because a pretrial order has already been entered in this matter, no further pretrial conference shall be scheduled at this time.

>Accordingly, it is **ORDERED:**
>
>(1) Defendant Tiffany McGhee's Motion To Continue Trial [**Doc. 38**] is **GRANTED**;
>
>(2) Defendant Tiffany McGhee is to submit an affidavit setting forth her consent to the continuance of the trial in this matter;
>
>(3) The trial of this matter is reset to commence on **February 21, 2007, at 9:00 a.m.,** before the Honorable Leon Jordan, United States District Judge;
>
>(4) All time between the filing of Defendant's **August 31, 2006** motion, and the new trial date of **February 21, 2007**, is fully

excludable time under the Speedy Trial Act for the reasons set forth above; and

(5) No further pretrial conference shall be scheduled at this time.

**IT IS SO ORDERED.**

                              ENTER:

                                  s/ C. Clifford Shirley, Jr.
                                United States Magistrate Judge