IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:06-CR-019 |
| | ) | (Jordan / Shirley) |
| TIFFANY NICOLE MCGHEE, | ) | |
| a/k/a Tiffany Nance, and | ) | |
| QUINCY TYRELL MCGHEE | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on February 14, 2007, on for initial appearance and arraignment as to the Second Superseding Indictment [Doc. 45], filed February 6, 2007. Defendant Tiffany Nicole McGhee was present with counsel Michael McGovern. Attorney Philip Lomonaco was present with defendant Quincy Tyrell McGhee. Assistant United States Attorney J. Edgar Schmutzer appeared on behalf of the government.

At the arraignment, counsel for Tiffany McGhee made an oral motion to continue the trial date. In support of his motion, counsel for Ms McGhee cited the substantial differences in the Second Superseding Indictment from the Superseding Indictment [Doc. 32], filed June 20, 2006. Counsel for Ms McGhee asked the Court to consider that in addition to increased drug quantities, the instant indictment has expanded the course of conduct in the alleged conspiracy from a one day

period to nearly six years. Further, the Second Superseding Indictment has added "others known and unknown to the Grand Jury" to the conspiracy alleged in count one. Counsel for Ms McGhee and counsel for defendant Quincy Tyrell McGhee agreed that continuance was necessary in order to review additional discovery materials, conduct investigation, identify and pursue potential factual or legal defenses and prepare the case for trial. The government indicated that additional discovery materials pertinent to the Second Superseding Indictment were forthcoming and a continuance of the trial date was appropriate and necessary.

The Court individually questioned the two defendants, who both stated that they understood the right to a speedy trial. Further, defendant Tiffany McGhee and defendant Tyrell McGhee both stated that they wished to have additional time to prepare their defenses to the Second Superseding Indictment and would not be ready to go forward with the trial on February 21, 2007.

The Court finds the defendants' oral motion to continue the trial to be well-taken and agrees with the defendants that the ends of justice served by granting the continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court observes that the increase in the quantities of drugs attributed to this conspiracy and the expansion of the time period alleged for the conspiracy will necessitate further preparation by all parties. Further, investigation and discovery exchange may also give rise to additional pre-trial motions. See 18 U.S.C. § 3161(h)(8)(B)(iv). At the hearing the Court found that this could not take place before the February 21, 2007, trial date, or in less than two and a half months, despite counsel's exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Moreover, requiring these defendants to go to trial as originally scheduled, despite the attorneys' lack of time to prepare, would likely result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(8)(B)(i).

Thus, defendant Tiffany McGhee's oral motion for continuance is **GRANTED**, and the trial is reset for May 2, 2007, before the District Court. The Court also finds, and both the defendants agreed, that all of the time between the February 14, 2007, hearing and the new trial date of May 2, 2007 is fully excludable time under the Speedy Trial Act for the reasons discussed above. See 18 U.S.C. § 3161(h)(8)(A)-(B).

Accordingly, it is **ORDERED**:

(1) The defendant's oral motion for a continuance of the case is **GRANTED**;

(2) The trial of this matter is reset to commence on **May 2, 2007, at 9:00 a.m.**, before the Honorable Leon Jordan, United States District Judge;

(3) All the time between the **February 14, 2007**, hearing and the new trial date of **May 2, 2007**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The pretrial conference is reset to commence on **April 13, 2007 at 1:30 p.m.**, before the Honorable C. Clifford Shirley, Jr., United States Magistrate Judge;

(5) Pre-Trial Motions shall be filed by **March 26, 2007**, and responses shall be filed by **April 9, 2007**.

**IT IS SO ORDERED.**

ENTERED:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge