IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-CR-19 |
| ) | (Jordan/Shirley) |
| TIFFANY NICOLE MCGHEE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause came before the undersigned on various pretrial motions filed by the parties. The following motions are pending and subject to disposition by this Court:

(1) Motion For Bill Of Particulars [Doc. 47];

(2) Motion For Disclosure of Grand Jury Transcripts [Doc. 48];

(3) Motion for Early Production of Jencks/Rule 26.2 Statements [Doc. 49];

(4) Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency or Preferred Treatment [Doc. 50];

(5) Motion for Disclosure of Impeaching Information [Doc. 51]; and

(6) Motion for Disclosure of Material Witnesses [Doc. 52].

All pending pretrial motions are addressed herein, a hearing being unnecessary to their disposition.

# I. MOTION FOR BILL OF PARTICULARS

Count One of the Second Superseding Indictment [Doc. 45] charges the defendants Tiffany Nicole McGhee and Quincy Tyrell McGhee as follows:

> The Grand Jury charges that from on or about January 2000 until approximately November 2005, in the Eastern District of Tennessee and elsewhere, the defendants, TIFFANY NICOLE McGHEE, a/k/a Tiffany Nance, and QUINCY TYRELL McGHEE, and others known and unknown to the Grand Jury, did knowingly, intentionally and without authority combine, conspire, confederate, and agree with each other to possess with intent to distribute fifty (50) grams or more of a mixture or substance which contains cocaine base and five hundred (500) grams or more of a mixture or substance containing a detectible amount of cocaine hydrochloride, both Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

[Doc. 45].

The defendant Tiffany McGhee moves for a bill of particulars with regard to Count One of the Second Superseding Indictment [Doc. 47]. Specifically, the defendant argues that Count One, which alleges a conspiracy lasting almost six (6) years, contains insufficient facts to permit her to properly prepare her defense to the offenses contained therein and that the indictment is unduly vague. The defendant seeks the following particulars regarding Count One:

> (1) the exact date(s) regarding any alleged overt acts in futherance of the conspiracy;
>
> (2) the exact time(s) of the alleged overt acts in furtherance of the conspiracy;
>
> (3) the exact place(s) where the alleged overt acts allegedly occurred;
>
> (4) the name or names of any person or persons witnessing the alleged acts;

> (5) when the defendant is alleged to have entered said conspiracy and how long she remained in the conspiracy;
>
> (6) the identity of any and all witnesses; and
>
> (7) the identity of any co-conspirator with whom the defendant is alleged to have interacted in the actions described above.

[Doc. 47].

The government opposes the defendant's motion, arguing that the charges against the defendant as set forth in the indictment, as well as the discovery already provided, are specific enough to protect her double jeopardy rights, and that the indictment informs the defendant of the nature of the charges against her with sufficient precision to prepare for trial. [Doc. 54].

> Federal Rule of Criminal Procedure 7(f) states that
>
> [t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993) (citations omitted). The granting of a bill of particulars is within the court's discretion. See id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other grounds by statute, United States v. Caseslorente, 220 F.3d 727

(6th Cir. 2000) (on sentencing issue).

## A. Information Regarding Overt Acts

The defendant first seeks information regarding the dates, times, and locations of any overt acts committed in furtherance of the conspiracy. "[A] defendant is not entitled to discover all the overt acts that might be proven at trial." Salisbury, 983 F.2d at 1375. Accordingly, the Court finds that the defendant is not entitled to a bill of particulars regarding the alleged overt acts of the conspiracy.

## B. Witnesses and Co-Conspirators

The defendant next seeks the identities of witnesses to the alleged overt acts, the identity of any government witnesses, and the identity of any co-conspirators within the defendant is alleged to have interacted. The Sixth Circuit has held that "the Government is not required to furnish the name of all other co-conspirators in a bill of particulars." United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004), cert. denied, 542 U.S. 910 (2004). Furthermore, "a defendant is not entitled to a list of the names and addresses of the government's witnesses." United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir.), cert. denied, 510 U.S. 903 (1993). Accordingly, the government is not required to produce the names of any unindicted co-conspirators or other witnesses present when the defendants participated in the overt acts of the conspiracy.

## C. Dates of Defendant's Involvement in Conspiracy

Finally, the defendant seeks information regarding when she is alleged to have entered the conspiracy and how long she remained in the conspiracy. The Second Superseding Indictment [Doc. 45] alleges that the defendant Tiffany McGhee and Quincy McGhee, along with "others known and unknown to the Grand Jury," engaged in the subject conspiracy from January 2000 to

4

approximately November 2005. The remaining counts of the indictment (Counts Two, Three, and Four) charge the defendants with offenses which allegedly occurred on April 17, 2003.

The Sixth Circuit has approved the provision of the dates that a defendant is alleged to have conspired. See, e.g., United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991) (observing that the defendant knew the relevant dates in holding that he was not entitled to know the names of co-conspirators); United States v. Fears, 450 F. Supp. 249, 251 (E.D. Tenn. 1978) (directing, without further analysis, the government to file a bill of particulars giving the date and approximate hour the defendant allegedly made the telephone call charged in the indictment). On the other hand, the failure to provide the precise date that a defendant joined a conspiracy when the indictment alleged it lasted from "early 1987 to November 17, 1987," was not error because "the indictment was not so vague that [the defendant] could not discern the nature of the charges pending against him and the time frame in which the alleged acts occurred, or that the indictment did not provide him with adequate information to prepare a defense." United States v. Hayes, No. 88-5967, 1989 WL 105938, at * 3 (6th Cir. Sept. 14, 1989), cert. denied, 493 U.S. 1030 (1990).

The indictment alleges that the conspiracy in this case existed from January 2000 to approximately November 2005. To the extent that the defendant Tiffany McGhee's involvement in the conspiracy was a time period shorter than the entire conspiracy, the government shall be required to provide the dates that she entered the conspiracy and when her participation in the conspiracy ended. The Court finds that Count One is vague as to the nature of the charge or the time frame of the conspiracy. Although the defendant now knows that the government is alleging that she was involved in the conspiracy from the inception of the time frame alleged in the indictment, the government shall provide the dates of her involvement along with the location(s) of the alleged criminal activity, narrowing the scope of the language "and elsewhere" used in the indictment. Defendant's Motion

5

for a Bill of Particulars **[Doc. 47]** is **GRANTED** as to the relief sought at pages 2 - 3, in paragraphs a, c and e and **DENIED** as to relief sough in paragraphs b, d, f, and g.

### D.  Conclusion

The Court finds that Count One as charged sufficiently apprises the defendant of the charges that she is facing to permit her to prepare her defense, to avoid surprise at trial, and to protect against a double jeopardy violation.  Accordingly, the defendant's Motion for Bill of Particulars [Doc. 47] is **DENIED**.

## II.  MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPTS

The defendant moves the Court for an Order directing the government to produce the transcripts of the testimony given by every witness before the grand jury in this cause, including, but not limited to, testimony concerning the precise nature of any statements attributed to the defendant.  For grounds, the defendant states that she has a particularized need for such transcripts, as the government intends to rely heavily upon the testimony of unindicted co-conspirators at trial.  The defendant argues that there is no compelling need for secrecy in the contents of the grand jury testimony, and that the transcripts are discoverable pursuant to Fed. R. Crim. P. 16(a)(1)(B). [Doc. 48].

The government opposes the defendant's motion. [Doc. 56].  The government states that to the extent that the government calls co-conspirators to testify at trial, the Jencks Act and Rule 26.2 of the Federal Rules of Criminal Procedure will afford the defendant the opportunity to review grand jury transcripts of any witnesses that the government calls at trial. [Doc. 56].

6

Normally, grand jury proceedings are to remain secret. See Fed. R. Crim. P. 6(e). "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979). In the present case, the Court finds that the defendant has not made a showing that the grand jury transcripts are needed to avoid possible injustice in this cause. Moreover, the Court finds that the defendant is not entitled to pretrial disclosure of these transcripts under the Jencks Act, 18 U.S.C. § 3500, or Rule 26.2 of the Federal Rules of Criminal Procedure. Thus, the defendant's Motion for Disclosure of Grand Jury Transcripts [Doc. 48] is **DENIED**.

### III. MOTION FOR JENCKS MATERIAL

The defendant moves the Court to order the government to provide the defense all Jencks Act and Rule 26.2 statements sufficiently in advance of the trial to afford defense counsel time to review the statements and prepare to cross-examine government witnesses and in order to avoid a defense request for recess during the pendency of the trial. [Doc. 49]. The government opposes the defendant's motion, arguing that it will disclose such material in a manner so as to avoid unnecessary delay during the course of the trial. [Doc. 57].

The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a); see also Fed. R. Crim. P. 26.2. The Sixth Circuit has upheld the government's right under this statute to withhold witness statements or reports, even those that would be favorable to the defendant's defense, until after the witness testifies: "The clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial." United States v. Presser, 844 F.2d 1275, 1283 (6th Cir. 1988).

Although the Jencks Act permits the government to wait for disclosure until after the witness testifies, the Sixth Circuit has encouraged the government to provide the information earlier in appropriate cases in order to prevent delay at trial. See United States v. Minsky, 963 F.2d 870, 876 (6th Cir. 1992). Additionally, this Court's Order on Discovery and Scheduling, as amended [Doc. 19, para. O], also encourages the early production of Jencks materials "as soon as possible and well before the testimony of the government witness in order to avoid undue interruptions of trials." However, the Sixth Circuit recognizes that in some cases the government may have a substantial reason for waiting until after the witnesses testimony to disclose the Jencks material. See United States v. Algie, 667 F.2d 569, 572 (6th Cir. 1981).

The Court notes that although early disclosure is encouraged by the Court, the government's decision to disclose any statements after the witness testifies at trial is authorized by statute. Furthermore, the defendant's expressed need for early disclosure, that of facilitating cross-examination and preventing delay of the trial, is one that is present in every case. Thus, the Court finds that the defendant has stated no compelling need for early disclosure. In any event, in the end, this Court simply does not have authority to order the pretrial production of Jencks materials.

8

Presser, 844 F.2d at 1283. Accordingly, the defendant's Motion For Early Production of Jencks/Rule 26.2 Statements [Doc. 49] is **DENIED**.

### IV. MOTION TO COMPEL PROMISES OF IMMUNITY AND LENIENCY

The defendant moves the Court to order the government to disclose the existence and substance of promises of immunity, leniency or preferred treatment. [Doc. 50]. Although no authority is provided for the requests made in the defendant's motion, the Court presumes that the defendant seeks impeachment evidence generally referred to as Giglio material. See Giglio v. United States, 405 U.S. 150 (1972); see also United States v. Bagley, 473 U.S. 667, 676 (1985). The substance of this motion is addressed by the Court's Order on Discovery and Scheduling [Doc. 19] at paragraph E. Accordingly, the defendant's Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency or Preferred Treatment [Doc. 50] is **DENIED AS MOOT**.

### V. MOTION FOR DISCLOSURE OF IMPEACHING INFORMATION

The defendant moves the Court to order the government to make diligent inquiry and disclose any impeaching information known or which would become known tot he government. [Doc. 51]. In response to the defendant's motion, the government states that it is aware of its obligations under Brady, Giglio, and the Jencks Act and will comply with the same. [Doc. 55].

The defendant's motion, which cites no authority, echoes the requests made in the defendant's Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency or Preferred Treatment [Doc. 50]. Most of the information sought beyond that previously

addressed in this Order is the subject of this Court's Order on Discovery and Scheduling [Doc. 19]. The defendant's request for the criminal records of government witnesses is addressed by paragraph F of the Order on Discovery and Scheduling [Doc. 19]. The defendant's request for material to be used in impeachment of government witnesses is addressed by paragraph E of the Order on Discovery and Scheduling [Doc. 19]. Further, the defendant's request for personnel files or the existence and identity of any government file concerning witnesses or in which witnesses are mentioned is a broad stroke request for information. The defendant provides no basis in law for such a request. To the extent that any information contained within this nebulous request is exculpatory or may be fairly said to contain exculpatory material, the Court's Order on Discovery and Scheduling [Doc. 19] at paragraph E provides, in pertinent part, as follows:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence).

The Court finds that it has already ordered the government to turn over materials within the scope of Brady. Should the defendant become aware of specific material that may be subject to this provision, she may make a specific Brady request of the government, then bring the matter to the attention of the Court if necessary. The defendant Motion for Disclosure of Impeaching Information [Doc. 51] is **DENIED**.

### VI. MOTION FOR DISCLOSURE OF MATERIAL WITNESSES

The defendant, citing Roviaro v. United States, 353 U.S. 53 (1957), moves the Court to order the government to inform defense counsel in writing of the identities and addresses of all persons known to the government to have been present at the times and places of the offenses alleged in the indictment. [Doc. 52]. The government opposes the defendant's motion, arguing that the defendant is simply trying to learn the identity of government witnesses, information to which the defendant is not entitled. [Doc. 58].

As a general rule, the government is not required to disclose the names of its witnesses before trial. See United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984) (holding that the Sixth Circuit "has firmly established that defense counsel is not entitled to know in advance of trial who will testify for the government"); see also United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir.), cert. denied, 510 U.S. 903 (1993) (citing Fed. R. Crim. P. 16); United States v. Dark, 597 F.2d 1097, 1099 (6th Cir.), cert. denied, 444 U.S. 927 (1979). With regard to the identities of confidential informants, the Supreme Court has recognized what has become known as the informer's privilege:

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

Roviaro, 353 U.S. at 59 (citations omitted).

This privilege is limited by the requirement that criminal trials be fundamentally fair. Id. at 60. The informer's privilege must yield when the informant's identity is "relevant and helpful

11

to the defense of an accused" or "essential to a fair determination of a cause." Id. at 60-61. This determination is subject to a case-by-case balancing of "the public interest in protecting the flow of information against the individual's right to prepare his defense." Id. at 62. In performing this balancing, the Court should consider, among other factors, the charges, the potential defenses, and the significance of the informer's testimony. Id. The Sixth Circuit has held that danger to the life of the informant is entitled to significant weight in the balance. United States v. Jackson, 990 F.2d 251, 255 (6th Cir. 1993).

To compel the disclosure of the identity of confidential informants, a defendant must do more than speculate that knowing that identity would be helpful to his or her defense. See United States v. Trejo-Zambrano, 582 F.2d 460, 466 (9th Cir.), cert. denied, 439 U.S. 1005 (1978); see also United States v. Moore, 954 F.2d 379, 381 (6th Cir. 1992) (holding that "[m]ere invocation of [one's due process rights] does not automatically outweigh the public interest in protecting confidential informants"). To the extent the defendant contends that there are informants or operatives who are likely to influence the outcome of the case or are essential to her preparation for trial, the Court finds that she has failed to make a specific showing to that effect. Accordingly, the defendant's Motion for Disclosure of Material Witnesses [Doc. 52] is **DENIED**.

## VII. CONCLUSION

For the foregoing reasons, it is **ORDERED**:

(1) The defendant's Motion For Bill Of Particulars [Doc. 47] is **GRANTED** in part and **DENIED** in part;

(2) The defendant's Motion For Disclosure of Grand Jury Transcripts [Doc. 48] is **DENIED**;

(3) The defendant's Motion for Early Production of Jencks/Rule 26.2 Statements [Doc. 49] is **DENIED**;

12

(4) The defendant's Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency or Preferred Treatment [Doc. 50] is **DENIED**;

(5) The defendant's Motion for Disclosure of Impeaching Information [Doc. 51] is **DENIED**; and

(6) The defendant's Motion for Disclosure of Material Witnesses is **DENIED** [Doc. 52].

**IT IS SO ORDERED**.

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge